Florine MAGNESS, Appellant,

v.

**B. HITT ELECTRIC COMPANY, INC., and Lebanon Road Apartments, Ltd., Appellees.**

Supreme Court of Tennessee.

Aug. 25, 1980.

Howard F. Butler, Jack A. Butler, Butler, Lackey, Holt & Snedeker, Kathryn Behm Celauro, Nashville, for appellant.

John E. Brandon, Watkins, McGugin, McNeilly & Rowan, Nashville, for B. Hitt Elec. Co.

Lewis B. Hollabaugh, Manier, White, Herod, Hollabaugh & Smith, Nashville, for Lebanon Road Apts.

OPINION

COOPER, Justice:

Florine Magness brought this action against the Lebanon Road Apartments and B. Hitt Electric Company to recover damages for personal injuries and property loss resulting from a fire in the apartment complex where she made her residence. Plaintiff contended the fire was caused by an

electrical arc in a panel switch–box installed by Hitt in a storage room where flammable materials were stored or allowed to be stored by Lebanon Road Apartments.

The jury awarded Mrs. Magness a judgment against both defendants in the amount of $162,600.00. On considering the several motions filed by the defendants, the trial judge granted a remittitur of $62,600.00, after determining that "the range of reasonableness for the verdict . . . is between $15,000.00 and $100,000.00." The remittitur was accepted by the plaintiff, under protest, and all parties appealed.

The Court of Appeals found that there was material evidence to support a finding of liability against the defendants. The court also found that the jury's verdict was outside the range of reasonableness established by credible proof and that the trial judge was warranted in suggesting a remittitur. The majority of the court, however, concluded that:

> On the state of the record and the nature of the claimed injuries in this cause, we find ourselves, under the facts at bar, unable to determine a range of reasonableness. To either suggest a further remittitur or to restore in part or in whole the verdict of the jury would be, at best, an arbitrary undertaking on our part."

The court then reversed the judgment of the trial court, and remanded the case for a new trial. The minority member of the court found the amount of the judgment, as remitted, to be reasonable.

This is one of several cases where the application for permission to appeal has been granted to consider the issue of damages only. In each instance, the review has resulted from a misunderstanding by the trial court or the Court of Appeals of the holding of this court in *Smith v. Shelton*, 569 S.W.2d 421 (Tenn.1978). In the instant case the Court of Appeals expressed the opinion that in *Shelton*, This court rejected all previous tests voiced by the appellate courts of this state in reviewing awards of damages and established the "range of reasonableness" test. Further, the court indicated in its lead opinion that *Shelton* re-

quires a determination of the upper and lower limits of the range of reasonableness. The court goes on to point out that the lower limit established by the trial judge, in fact, was less than the expenses actually incurred by the plaintiff and reasoned from that, in part, that "since [the trial judge's] minimum range is erroneous on its face, the upper range could potentially be greater under his analysis and the plaintiff's award proportionately larger."

Since the application for review was granted in this case, this court has filed a comprehensive opinion in *Ellis v. White Freightliner, et al.*, 603 S.W.2d 125 (Tenn.), amplifying and explaining our holding in the *Shelton* case. In that opinion, Mr. Justice Fones had the following to say:

> The Court of appeals said that *Shelton* requires a determination of the upper and lower levels of the range of reasonableness; that in a condemnation case, such as *Shelton*, testimony is available for that purpose but that in personal injury and wrongful death cases it would be a "futile and unrealistic gesture where no testimony as to specific value is involved."
>
> We will explicitly articulate what we deemed to be clearly implicit in *Shelton*. If the issue is remittitur *Shelton* requires a determination of the upper limit *only*. If the issue is additur *Shelton* requires a determination of the lower limit *only*. *Shelton* involved an additur, but we prefaced the opinion with the observation that all we said about the scope of review of additurs would apply to remittiturs, and when the context referred to both, the expression "range of reasonableness" was used because it embraces both the upper and lower limits, but obviously, in any given case the issue is either excessiveness or inadequacy, never both.
>
> When remittitur is the issue in a personal injury or wrongful death action or in a condemnation case, the question is whether the amount of money awarded is excessive, which requires ascertainment of a figure that represents the point at which excessiveness begins. An excessive verdict is cured by remitting the sum by

which the award exceeds that figure. As we recently pointed out in *Pitts v. Exxon Corp.*, 596 S.W.2d 830 (Tenn.1980), the rationale underlying a determination of whether a remittitur is proper was expressed as follows:

"[T]he Court . . . review[s] and correct[s] the judgment rendered to the extent of the excess as to which 'it may well be said there is no evidence to sustain it,' and that 'while no court has any right to substitute its own estimate of the damages for that of a jury, yet it has the right to determine the amount beyond which there is no evidence, upon any reasonable view of the case, to support the verdict.' "

> *Id.* at 833–34 quoting *Alabama Great Southern R. R. v. Roberts*, 113 Tenn. 483, 497, 498, 82 S.W. 314, 316 (1904).

This is the rationale undergirding the guidelines of *Shelton*. A reasoned examination of the credible proof of damages leads to a determination of the figure beyond which excessiveness lies and beyond which there is no evidence, upon any reasonable view of the case, to support the verdict.

Of course, if the analysis of the credible proof of damages results in the conclusion that the award is not excessive, there is no requirement that a figure be named beyond which the verdict would be considered excessive, but, a determination has been made that the award is within the range of reasonableness.

All will agree that the determination of excessiveness or inadequacy is generally easier in a condemnation case than in personal injury and wrongful death cases, but all result in money judgments, and excessiveness or inadequacy can only be determined by a reasoned examination of the probative value of the credible proof of damages.

In the instant case, there is credible evidence that to escape the fire, Mrs. Magness jumped from a window on the second story of the apartment building. In falling she struck the side of the building, missed the officers seeking to break or slow her fall, and landed hard on her feet.

Plaintiff testified that as a result of the fall and hard landing, she bit her tongue in two, jammed her jawbone, broke her right ankle, sprained her left ankle, injured the ulnar nerve in her left arm, bruised her left hip and the toes on both feet, jammed both knees, and injured her back. Her doctor was unable to relate the knee and back injuries to the injuries she admittedly sustained from the fall, but testified there had been no intervening trauma to account for the back and knee injuries.

Plaintiff was confined to her bed for three weeks following her accident and was on crutches for an additional two months, with leg in a cast. Subsequently, she had surgery on her left arm as the result of the ulnar nerve injury. This period of hospitalization was ten days.

Plaintiff's doctor gave her a 5% permanent disability rating to her body as a whole from the ankle and nerve injury, explaining that he did not include pain in his physical impairment rating. Plaintiff testified at the trial that she was still not free from pain radiating from various parts of her body. She also testified that she is unable to do the things she did prior to her accident, such as participate in recreational activities, or play the piano or type as efficiently as she could prior to her accident. The limitation on her ability to play the piano is of importance as she has had experience as an entertainer in the "country music" field, though without evident monetary success.

Plaintiff's medical expenses totaled $2,594.16. Her loss of personal property, much of it being clothing or costumes used by her as an "entertainer," was shown to be $13,575.62.

In *Monday v. Millsaps*, 37 Tenn.App. 371, 264 S.W.2d 6 at 25 (1953), it is pointed out that:

> While no mathematical rules of computation have ever been formulated making verdicts and judgments uniform in negligence cases, it is the duty of the courts to take into consideration the nature and extent of the injuries, the suffering, ex-

penses, diminution of earning capacity, inflation and high cost of living, age, expectancy of life and amount awarded in other similar cases.

On considering evidence in this case having a bearing on these elements of damages, much of which is set out above, we have concluded that the verdict of the jury, as remitted by the trial judge, is within the upper limit of the "range of reasonableness."

The judgment of the Court of Appeals is reversed. The judgment of the trial court is affirmed. The case is remanded to the trial court for enforcement of the judgment. Costs incurred through the appeal of this case are adjudged against the defendants and their surety.

BROCK, C. J., and FONES and HARBISON, JJ., concur.